## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RONALD HABERMEHL, et al.,**

**Plaintiffs,**

**v.**

**AUTO CLUB FAMILY INSURANCE
COMPANY,**

**Defendant/Third-Party Plaintiff,**

**v.**

**JEFFREY WOLFSON, U.S. STAFFING
ADJUSTING SERVICES, INC., and
WAYLAND HAROLD WALKER, JR.,**

**Third-Party Defendants.**               **Case No. 12-cv-230-DRH-DGW**

### MEMORANDUM & ORDER

**HERNDON, Chief District Judge:**

### I.   Introduction

Before the Court is defendant's, Auto Club Family Insurance Company ("Auto Club"), motion to dismiss Counts I and II of plaintiffs' Clifford and Erin Row ("Rows") and Alpha and Omega Christian Fellowship's ("Alpha") (collectively, "plaintiffs") third amended complaint for failure to state a claim pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 63). Additionally, all plaintiffs, including Ronald and Debbie Habermehl ("Habermehls") have recently moved to remand this action to Madison County, Illinois (Doc. 100). For the reasons set forth below, both motions are **DENIED**.

## II.   <u>Background and Allegations</u>

Plaintiffs originally filed this action in Madison County, Illinois in February 2012. Auto Club removed the dispute to this Court on the basis of diversity jurisdiction in March 2012 (Doc. 2). Plaintiffs bring state law claims for violations of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1, *et. seq*.  Plaintiffs' third amended complaint contains the following allegations:

Prior to June 2011, the Habermehls, Auto Club's insureds, sustained storm damage to their personal residence and the Alpha[1] building (Doc. 58, ¶ 17). Auto Club then directed Wayne Walker ("Walker") to the Habermehls' residence in June 2011 to adjust the loss to their home as "an agent and representative of Auto Club" (*Id.* at ¶ 17-18). Walker brought with him Jeff Wolfson ("Wolfson"), whom Walker presented as an approved Auto Club contractor (*Id.* at ¶ 19).

Plaintiffs allege Walker and Wolfson failed to inform the Habermehls that Wolfson was "barred from the home repair/storm damage contracting business in the State of Missouri due to criminal conduct" (*Id.* at ¶ 20).  Walker and Wolfson stated that Wolfson "was the owner of a large multi-state roofing company and had crews working in a number of states" (*Id.*).  Additionally, Wolfson, with the approval of Walker, claimed that he owned a home and commercial repair contracting company and that he was an expert in roof repair, approved by Auto Club, and "would be able to save the Habermehls a large amount of money on roof repair" (*Id.*). Wolfson further stated, again with Walker's approval, "that his

---

[1] Plaintiffs allege the Habermehls were the sole stock holders/equity owners of Alpha and served as pastors to members attending church services at Alpha.

company did all the work on structures itself without sub-contractors in an effort to avoid lien waivers" (*Id.*).

Plaintiffs allege these representations or omissions were made or omitted, "in hopes of securing residential storm contracts from the Habermehls and persons known to the Habermehls as it was disclosed that Ron Habermehl was a minister and could spread information regarding Wolfson to his immediate family and members of his congregation at Alpha" (*Id*. at ¶ 21).

The Habermehls repeated the alleged misrepresentations and false statements to the Rows, the Habermehls' daughter and son-in-law (*Id.* at ¶ 22). Walker and Wolfson then made the statements and representations "directly to [the Rows] in their yard next to . . . their home, that he contracted subsequently to repair" (*Id*. at ¶ 22).   These alleged false statements and misrepresentations "impacted [the Habermehls] as the pastors of [Alpha], due to Wolfson stating that he did flat roof commercial projects" (*Id*.).

Finally, "as a direct and proximate result of the misrepresentations and false statements made and the omissions by [] Walker and [] Wolfson…[they] were able to contract to repair the roof of the Habermehl residence, the roof of the Row residence, the roofs of Row rental properties and to contract with [Alpha] to repair the roof of the church" (*Id*. at ¶ 23).   Plaintiffs allege the "misrepresentations and omissions . . . were made with the intent to deceive . . . and with the intent that all [p]laintiffs rely on the statements and thereby secure residential and commercial roofing repair contracts" (*Id*. at ¶ 25). Plaintiffs state

that had they "known that the false and misleading statements or omissions . . . were false or true information had been provided," they "would not have contracted with Wolfson" (*Id.* at ¶ 27). Plaintiffs allege they "discovered" the "false statements and misrepresentations and omissions" regarding Wolfson "after the alleged repair of the [Alpha] roof" when a "sub-contractor, MLK Construction, threatened to place a lien on the church property . . . because Wolfson had not paid its bill" (*Id.* at ¶ 28).

In its entirety, the third amended complaint contains: Count I, Alpha against Auto Club under the ICFA; Count II, the Rows against Auto Club under the ICFA; Count III, the Habermehls against Auto Club under the ICFA; Count IV, the Habermehls against Auto Club for negligent hiring and supervision; and finally Count V, the Habermehls against Auto Club for common law fraud. Auto Club moves to dismiss Counts I and II of plaintiffs' third amended complaint with prejudice under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), arguing the Rows and Alpha "lack standing" to pursue their claims (Doc. 63).[2]

### III.   <u>Pending Motions</u>

#### 1. Auto Club's Motion to Dismiss Counts I and II

##### a. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which a court can grant relief. *Hallinan v. Fraternal Order of Police Chicago Lodge 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court

---

[2] In moving to dismiss Counts I and II of plaintiffs' third amended complaint, Auto Club incorporates its arguments for dismissal of Counts I and II of plaintiffs' second amended complaint (Doc. 45).

explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). With these principles in mind, the Court turns to Counts I and II of plaintiffs' third amended complaint.

### b.  Law and Application

Auto Club argues Counts I and II of plaintiffs' third amended complaint require dismissal because Alpha and the Rows have both failed to state a cause of action under the ICFA. To prevail under the ICFA, a plaintiff must prove: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is

(5) a result of the deception." *De Bouse v. Bayer*, 922 N.E.2d 309, 313 (Ill. 2009). A plaintiff may also prevail under a "theory of indirect deception" if they are able to prove "that the statements by the defendant be made with the intention that it reach the plaintiff and influence his action and that it does reach him and that he does rely upon it, to his damage." *Id*. at 317.

Auto Club argues plaintiffs do not allege that Auto Club or its alleged agent Walker made any representations to Alpha or the Rows, or that Auto Club caused the Rows or Alphas' alleged harm. Thus, Alpha and the Rows have not adequately alleged proximate causation for their ICFA claims.

Auto Club goes on to address the indirect theory of liability, arguing that because plaintiffs do not allege that Wolfson or Walker made statements to the Habermehls with the knowledge, intent, or understanding that the statements would be subsequently conveyed to the Rows, the Rows have not alleged a claim under an indirect theory of liability. Similarly, Auto Club argues plaintiffs do not allege that Wolfson and Walker spoke to the Habermehls with any intention of securing a contract to repair the Alpha church building. Ultimately, Auto Club concludes that the Rows and Alpha, "cannot establish that Auto Club, through Walker or Wolfson, committed any deceptive act upon which they relied and which caused their alleged damages." Thus, the Rows and Alpha "lack standing" to pursue a cause of action under the ICFA.

In the instant case, plaintiffs have alleged enough facts to state plausible claims under the ICFA.  For instance, the plaintiffs' third amended complaint

alleges that Wolfson made the representations "directly to [the Rows] in their yard next to one of the residences, their home, that he contracted subsequently to repair" (Doc. 58, ¶ 22). Moreover, it was disclosed to Wolfson and Walker that Ron Habermehl was a minister at Alpha, and that the false statements and misrepresentations "impacted Ron and Debbie Habermehl as the pastors of [Alpha], due to Wolfson stating that he did flat roof commercial projects" (*Id.* at ¶ 22). Further, plaintiffs allege that as a "direct and proximate result" of the misrepresentations, Wolfson and Walker were able to contract to repair the Habermehls' residence, the Rows' residence, and Alpha's roof (*Id.* at ¶ 23). Taking all of the plaintiffs' well-pled allegations as true, the Court finds that plaintiffs have pled, with sufficient particularity, causes of action under the ICFA. Accordingly, Auto Club's motion to dismiss Counts I and II of the third amended complaint is denied (Doc. 63).

## 2. Plaintiffs' Motion to Remand

All plaintiffs additionally move to remand this action to Madison County, Illinois, arguing that "[a]t this point in the litigation . . . the required value of the case does not meet the requirement of $75,000.00 to make diversity jurisdiction appropriate" (Doc. 100). In support, plaintiffs have provided the Court with a "stipulation to limit damages to $49,999.99 or less." Plaintiffs stipulate and agree that damages in this case will be limited to a maximum amount of $49,999.99, including costs and expenses (Doc. 100-1).

The Court evaluates the $75,000.00 amount-in-controversy requirement, *see* 28 U.S.C. 1332(a), at the time of removal. *See Oshana v. Coca-Cola Co.,* 472 F.3d 506, 510-11 (7th Cir. 2006). Auto Club properly removed plaintiffs' initial complaint to this Court in March 2012. Plaintiffs' initial complaint cited $21,000.00 in down payments, lost "time value" of money advanced to Wolfson, attorney's fees incurred in "breaking" the agreements with Wolfson, "threatened liens on their property," "mental anguish and loss of  enjoyment of life not knowing whether they would be able to fix the church and residence," and punitive damages, under 815 ILCS 505/10a. Plaintiffs' initial complaint sought "compensatory and punitive damages in excess of $75,000.00 each plus attorney's fees, costs and expenses" (Doc. 2-2).

Plaintiffs can only defeat diversity jurisdiction if they are able to show to a legal certainty that the stakes of the lawsuit did not exceed $75,000.00 at the time of removal. *See Carroll v. Stryker Corp.,* 658 F.3d 675, 680-81 (7th Cir. 2011). Plaintiffs' mere statement that, "[a]t this point" the "value" of the case does not reach $75,000.00, and their stipulation to limit damages to $49,999.99, simply do not suffice. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938) (district court is not deprived of jurisdiction where, "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount"); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 429 (7th Cir. 1997); *Matter of Shell Oil*

*Co.,* 970 F.2d 355, 356 (7th Cir. 1992). Thus, plaintiffs' motion to remand is denied (Doc. 100).

### IV.    Conclusion

For the reasons set forth above, Auto Club's motion to dismiss Counts I and II of plaintiffs' third amended complaint is **DENIED** (Doc. 63). All plaintiffs' motion to remand this action to Madison County, Illinois is also **DENIED** (Doc. 100).

**IT IS SO ORDERED**.

Signed this 13th day of September, 2013.

Digitally signed by
David R. Herndon
Date: 2013.09.13
16:41:22 -05'00'

**Chief Judge**
**United States District Court**